1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

| Leila Cruz McCoy, | Case No.: 3:23-CV-0273-GPC-KSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| San Diego County Child Welfare Services, Rady Children's Hospital, California Department of Social Services, Orange County, Ventura County, and Los Angeles County, | |
| Defendants. | **[ECF NO. 2.]** |

Plaintiff Leila Cruz McCoy ("Plaintiff" or "McCoy"), proceeding pro se, filed a complaint against Rady Children's Hospital, the California Department of Social Services ("CA DSS"), Orange County, Ventura County, Los Angeles County, and San Diego Child and Welfare Services. (ECF No. 1 at 2.[1])  Plaintiff also filed a motion to proceed in forma pauperis ("IFP").  (ECF No. 2.)  For the foregoing reasons, the Court GRANTS Plaintiff's

_____

[1] Page numbers are based on the CM/ECF pagination.

1  motion to proceed in forma pauperis and sua sponte DISMISSES the action for failure to

2  state a claim.

3  **A.      Motion to Proceed In Forma Pauperis**

4          All parties instituting any civil action, suit, or proceeding in a United States

5  District Court, except an application for writ of habeas corpus, must pay a $402 filing

6  fee.[2]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

7  prepay the entire fee only if she is granted leave to proceed IFP pursuant to § 1915(a).

8  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169

9  F.3d 1176, 1177 (9th Cir. 1999).  "To satisfy the requirements of 28 U.S.C. § 1915,

10  applicants must demonstrate that because of poverty, they cannot meet court costs and

11  still provide themselves, and any dependents, with the necessities of life."  *Soldani v.*

12  *Comm'r of Soc. Sec.*, No. 1:19-CV-00040-JLT, 2019 WL 2160380, at *1 (E.D. Cal. Jan.

13  31, 2019).  Courts may consider the federal poverty guidelines set by the United States

14  Department of Health and Human Services as well as income in the context of overall

15  expenses and other factors, including savings and debts, when ruling on IFP applications.

16  *McKinley v. Cnty. of Fresno*, No. 121-CV-754-NONE-SAB, 2021 WL 3007162, at *1

17  (E.D. Cal. July 15, 2021).  Plaintiff must submit an affidavit demonstrating an inability to

18  pay the filing fee, and the affidavit must include a complete statement of the plaintiff's

19  assets.  28 U.S.C. § 1915(a)(1).

20          Here, McCoy's IFP form indicates that (1) she has $5.00 in her bank account, (2)

21  her only form of income is a monthly disability payment of $1,123 and (3) her monthly

22  expenses total $1,970—exceeding her monthly income by more than $800.  (ECF No. 2

23

24  _____

25  [2] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

26

27                                                      2

28

at 2, 5.)  The IFP form also indicates she is a "disabled and blind single mother with 3 disabled dependents and one child who is not disabled."  (*Id.* at 5.)

Given Plaintiff's financial circumstance, the Court finds that she has demonstrated that "because of poverty" she cannot "meet court costs and still provide [herself] . . . with the necessities of life."  *See Soldani*, 2019 WL 2160380, at *1.  Therefore, the Court GRANTS Plaintiff's motion to proceed IFP.

**B.     Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

Courts must engage in a sua sponte review of any complaints filed by any person proceeding IFP pursuant to § 1915(a), and courts should dismiss claims that are "frivolous or malicious; fail[] to state a claim upon which relief may be granted; or seek[] monetary relief against a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Under Federal Rule of Civil Procedure 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, McCoy's complaint is one run-on sentence that does not plead any specific facts sufficient to establish any basis for relief.  (ECF No. 1 at 2.)  The "statement of claim" within her complaint is reproduced in its entirety below:

> CA Dept of Social Services and San Diego, Orange, Ventura and Los Angeles Counties have discriminated agaisnt [sic] me and my disabled children in the administration of federal cash, food, medical and housing assistance programs on the basis of race, religion, disability, gender, sexual orientation[,] and citizenship-and have denied us policy modifications,

interpreter services, alternative accessible audio documents, alternative accessible software/hardware and deprived us of equal access to their facilities, publications, websites, programs, services and have subjectrd [sic] us to retaliation for making ADA equal access and civil rights complaint[.]

(ECF No. 1 at 2.)

As pled, the complaint lacks any facts demonstrating that Defendants engaged in any wrongdoing and that she is entitled to her requested relief. Because McCoy's complaint fails to state a claim upon which relief could be granted, the Court sua sponte DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

### Conclusion

For the aforementioned reasons, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis and sua sponte **DISMISSES** the complaint without prejudice for failure to state a claim. In the event Plaintiff seeks to file an amended complaint, she must do so no later than **May 26, 2023**. If Plaintiff does not file an amended complaint by the deadline, the Court will enter a final Order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: April 26, 2023

Hon. Gonzalo P. Curiel
United States District Judge

4

3:23-CV-0273-GPC-KSC